Filed 7/16/25  P. v. Rodriguez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RODRIGO RENTERIA RODRIGUEZ,<br><br>Defendant and Appellant. | F088251<br><br>(Super. Ct. No. VCF232024)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Conn Shirk, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Dina Petrushenko and Jeffrey D. Firestone, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]      Before Franson, Acting P. J., Meehan, J. and DeSantos, J.

-ooOoo-

Defendant Rodrigo Renteria Rodriguez contends on appeal that the trial court's order denying his *Franklin*[1] motion must be reversed, and the matter remanded with direction to the court to grant the *Franklin* motion and appoint counsel to assist him. He argues the court's determination that he was ineligible for a youth offender parole hearing is unsupported by the record. Defendant also contends the abstract of judgment must be amended to show he was convicted and sentenced in count 5, rather than count 2. The People agree. We reverse the court's order denying defendant's *Franklin* motion and remand the matter for further proceedings pursuant to Penal Code section 1203.01,[2] including appointment of counsel, and amend the abstract of judgment to show defendant was convicted and sentenced in count 5. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On June 2, 2010, the Tulare County District Attorney filed an information charging defendant with attempted premeditated murder (§§ 664/187, subd. (a), count 1); two counts of assault with a semiautomatic firearm (§ 245, subd. (b), counts 2 & 3); concealing a firearm in a vehicle (§ 12025, subd. (a)(1), count 4); and carrying a loaded, unregistered firearm in a vehicle (§ 12031, subd. (a)(1), count 5). It was further alleged as to all counts that defendant committed each offense for the benefit of, and at the direction of, a criminal street gang, with the specific intent to promote and further criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(C). As to count 1, it was further alleged defendant personally used a firearm (§ 12022.53, subd. (b)) and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). As to counts 2 and 3, it was further alleged defendant personally used a semiautomatic handgun. As to all counts, it was alleged pursuant to Welfare and

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

[2] All statutory references are to the Penal Code unless otherwise noted.

2.

Institutions Code section 707, subdivision (d)(2)(B), that defendant was a minor who was at least 14 years of age at the time of the commission of the offenses.[3]

On September 2, 2010, pursuant to the parties' request, the juvenile court amended the gang enhancement for count 5 from section 186.22, subdivision (b)(1)(C) to section 186.22, subdivision (b)(1)(A).  Defendant pled no contest to count 1 as an attempted second degree murder and to count 5, as alleged.  He also admitted, as to count 1, the firearm enhancement (§ 12022.53, subd. (b)) and the gang enhancement (§ 186.22, subd. (b)(1)(C)).  As to count 5, he also admitted the gang enhancement, as amended (§ 186.22, subd. (b)(1)(A)).  Defendant agreed to a sentence of 28 years eight months.

On November 18, 2010, the trial court sentenced defendant pursuant to the agreement to a term of 28 years eight months, as follows:  on count 1, seven years, plus 20 years for the firearm enhancement (§ 12022.53, subd. (b)), and on count 5, eight months, consecutive, plus one year for the gang enhancement (§ 186.22, subd. (b)(1)).  The court struck the punishment for the gang enhancement on count 1.

On January 10, 2024, defendant filed a *Franklin* motion.

On January 16, 2024, the trial court denied the *Franklin* motion, finding defendant was not eligible for a youthful offender parole hearing.  However, the order stated defendant "may file additional information [to] the court," granting defendant's request for an opportunity to augment the record with additional information suitable for parole consideration.

On May 7, 2024, defendant filed a request for reconsideration.

---

[3]     The underlying offenses occurred on May 13, 2009.  Defendant was born on September 21, 1992.  He was 16 years old at the time of the offenses.

On May 13, 2024, the trial court denied defendant's request for reconsideration, but allowed him to augment the record with information for possible consideration at a future youthful offender parole hearing.

On June 21, 2024, defendant timely filed a notice of appeal.

## FACTUAL SUMMARY[4]

On May 13, 2009, when defendant was 16 years old, he fired a gun at people at a school. The following day, police officers found the gun defendant used in the shooting in a car that he had been in.

## DISCUSSION

**I.     DENIAL OF DEFENDANT'S *FRANKLIN* MOTION**

Defendant contends the trial court's order denying his *Franklin* motion must be reversed and the matter remanded with directions to the court to grant the motion and appoint counsel to assist him because the court's determination that he was ineligible for a youth offender parole hearing is unsupported by the record. The People agree, as do we.

### A.     *Law*

In 2014, the Legislature enacted Senate Bill No. 260 (2013−2014 Reg. Sess.) (Senate Bill 260), which added sections 3051, 3046, subdivision (c), and 4801, subdivision (c). (*Franklin*, *supra*, 63 Cal.4th at p. 267.) These provisions provided a parole eligibility mechanism for juvenile offenders. (*People v. Lipptrapp* (2021) 59 Cal.App.5th 886, 892 (*Lipptrapp*).) "For those juvenile offenders eligible for youth offender parole hearings, the provisions of Senate Bill … 260 are designed to ensure they will have a meaningful opportunity for release no more than 25 years into their incarceration." (*Franklin*, at p. 277.) The Legislature's express intent in passing Senate Bill 260 was to " 'create a process by which growth and maturity of youthful offenders

---

[4]     The facts of the underlying offenses are taken from the probation officer's report.

4.

can be assessed and a meaningful opportunity for release established.' " (*Franklin*, at p. 277.)

"[S]ection 3051 … requires the Board [of Parole Hearings] to conduct a 'youth offender parole hearing' during the 15th, 20th, or 25th year of a juvenile offender's incarceration. [Citation.] The date of the hearing depends on the offender's ' "[c]ontrolling offense," ' which is defined as 'the offense or enhancement for which any sentencing court imposed the longest term of imprisonment.' " (*Franklin*, *supra*, 63 Cal.4th at p. 277.)

It states, in pertinent part,

> "(b)(1) A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a determinate sentence shall be eligible for release on parole at a youth offender parole hearing during the person's 15th year of incarceration." (§ 3051, subd (b)(1).)

Section 4801, subdivision (c) further requires the Board of Parole Hearings (Board) to "give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

"[T]he statute excludes several categories of juvenile offenders from eligibility for a youth offender parole hearing: those who are sentenced under the 'Three Strikes' law [citations] or Jessica's Law [citation], those who are sentenced to life without parole, and those who commit another crime 'subsequent to attaining 23 years of age … for which malice aforethought is a necessary element of the crime for which the individual is sentenced to life in prison.' " (*Franklin*, *supra*, 63 Cal.4th at pp. 277−278.)

In *Franklin*, the Supreme Court found that, if a defendant was not afforded an opportunity to make an accurate record of mitigating evidence at sentencing, then the defendant is entitled at the so-called *Franklin* proceeding, pursuant to sections 3501 and 4801, to " ' place on the record any documents, evaluations, or testimony (subject to

cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.' " (*Lipptrapp*, *supra*, 59 Cal.App.5th at p. 892.)

In *Cook*, the Supreme Court further found that defendants who are entitled to a youth offender parole hearing under section 3051 "may seek the remedy of a *Franklin* proceeding even though the [defendant's] sentence is otherwise final." (*In re Cook* (2019) 7 Cal.5th 439, 451 (*Cook*).) The *Cook* court found that youth offender parole hearings are not dependent on the nonfinal status of the juvenile offender's conviction because " '[t]he statutory text makes clear … [it is] to apply retrospectively, … to *all eligible youth offenders regardless of the date of conviction*.' " (*Cook*, at p. 450.)

Assembling the information regarding these circumstances for consideration at a parole hearing is more easily done at or near the time of the offense. (*Franklin*, *supra*, 63 Cal.4th at pp. 283−284.) Further, youthful offenders who were sentenced before section 3051 came into effect may not have had an adequate opportunity to address the various factors the Board must consider at a youthful offender parole hearing, or may not have anticipated the relevance and significance of these factors at sentencing. (*Franklin*, at p. 284; *Cook*, *supra*, 7 Cal.5th at p. 450.) "As *Franklin* emphasized, the possibility that relevant evidence will be lost may increase as years go by." (*Cook*, at p. 450.)

To seek a *Franklin* proceeding, a defendant can file " 'a motion in [the] superior court under the original caption and case number citing the authority of section 1203.01[5]

---

[5]    Section 1203.01 provides, in pertinent part, "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed. The attorney for the defendant and the law enforcement agency that investigated the case may likewise file

6.

and [the *Cook*] decision.' " (*Lipptrapp*, *supra*, 59 Cal.5th at p. 893.) " '[U]nder section 1203.01, the trial court may create a postjudgment record for the benefit of the Department of Corrections and Rehabilitation,' and although the statute 'does not mention a *Franklin* proceeding to preserve evidence' the court possesses the authority to adopt the procedure for this purpose." (*Ibid.*)

The court has discretion " ' to conduct the process efficiently, ensuring the information introduced is relevant, noncumulative and otherwise in accord with the governing rules, statutes, and regulation.' " (*Cook*, *supra*, 7 Cal.5th at p. 459.) "The court may, for example, require an offer of proof regarding the evidence the [defendant] seeks to present, so that it can determine whether such evidence is relevant to youth-related factors and meaningfully adds to the already available record. It may also determine whether testimony is 'appropriate' [citation], or if other types of evidentiary submissions will suffice." (*Cook*, at p. 459.) Also, "[t]he court may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the [defendant] has already benefitted from the factfinding procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel." (*Cook*, at p. 459.)

The denial of a *Franklin* motion is reviewed for abuse of discretion. (*People v. Benzler* (2021) 72 Cal.App.5th 743, 749 (*Benzler*).) "[I]n deciding whether the trial court has abused its discretion we are required to 'ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious.' " (*Benzler*, at p. 749.)

---

with the clerk of the court statements of their views respecting the defendant and the crime of which he or she was convicted." (§ 1203.01, subd. (a).)

### B.    *Analysis*

The trial court's order denying defendant's *Franklin* motion must be reversed and the matter remanded for further proceedings pursuant to section 1203.01 because, as the parties agree, defendant's initial *Franklin* motion was sufficient to initiate a *Franklin* hearing under section 1203.01.  The court's determination that he was ineligible for a youth offender parole hearing is unsupported by the record.

Defendant was under 25 years old when he committed the underlying offenses and was sentenced to a determinate term not calculated under the Three Strikes law or Jessica's law.  He was also sentenced before section 3051 became effective. Accordingly, defendant filed a *Franklin* motion in the trial court to preserve evidence of the relevant factors the Board must consider at a future parole hearing.  However, the court summarily denied his *Franklin* motion, finding him ineligible for a youth offender parole hearing.

Defendant's *Franklin* motion listed his original case number, cited section 1203.01, explained he was sentenced before section 3051 became effective to a determinate term of 28 years eight months, listed his offenses and enhancements of conviction, stated he was under 25 years old at the time of the offenses, and stated he was seeking a *Franklin* hearing to "preserve facts and evidence of youth-related factors for future hearings."  Defendant's *Franklin* motion also stated that "the legal landscape has changed since he was sentenced," and that "distinctive attributes of youth diminish the penological justification for imposing the harshest sentence on such offender."

Accordingly, we conclude the trial court erred when it denied defendant's *Franklin* motion, as defendant's motion "contained sufficient information for him to gain access to a *Franklin* evidence preservation [hearing]," and he was entitled to make a record of mitigating evidence for that hearing.  (See *Lipptrapp*, *supra*, 59 Cal.App. 5th p. 894; see also *Benzler*, *supra*, 72 Cal.App. 5th at p. 749.)

8.

Further, because a *Franklin* motion for evidence preservation for a youth offender parole hearing is brought "under the authority of section 1203.01," the proceedings necessarily afford the defendant the right to counsel. (*Cook*, *supra*, 7 Cal.5th at pp. 447, 452.)

"The … right to the assistance of counsel applies at all critical stages of a criminal proceeding in which the defendant's substantial rights are at stake." (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) Given the critical role a *Franklin* proceeding plays in determining parole eligibility at a subsequent youth offender parole hearing, the proceeding is a critical stage of the case in which the right to counsel attaches. Further, section 1203.01, the provision which "gives the trial court authority to conduct an evidence preservation proceeding as envisioned in *Franklin*," expressly references the assistance of defense counsel, as it states, " '[t]he attorney for the defendant' " may file a statement " 'of their views respecting the defendant and the crime of which he or she was convicted.' " (*Cook*, *supra*, 7 Cal.5th at p. 453, citing § 1203.01, subd. (a).)

Accordingly, we agree with the parties that defendant is entitled to the appointment of counsel at a *Franklin* hearing to assist him.

We reverse the order denying defendant's *Franklin* motion and remand for further proceedings under section 1203.01, including the appointment of counsel.

## II.    ABSTRACT OF JUDGMENT

Defendant next contends the abstract of judgment must be amended to show he was convicted and sentenced in count 5 (possession of an unregistered firearm), with a section 186.22, subdivision (b)(1)(A) gang enhancement, and not count 2 (possession of a loaded firearm in a vehicle) with a section 186.22, subdivision (b)(1)(C) gang enhancement. The People agree, as do we.

After the court amended the gun enhancement on count 5 from section 186.22, subdivision (b)(1)(C) to section 186.22, subdivision (b)(1)(A) at the parties' request, defendant pled no contest to count 5 for carrying a loaded, unregistered firearm (§ 12031,

9.

subd. (a)(1)) and admitted the attendant gang enhancement (§ 186.22, subd. (b)(1)(A)). The trial court sentenced him on count 5 to a consecutive term of eight months, plus one year consecutive for its section 186.22, subdivision (b)(1)(A) gang enhancement.

However, the abstract of judgment erroneously states instead that defendant pled no contest to count 2 and its corresponding gang enhancement (§ 186.22, subd. (b)(1)(C)). It also states the offense for which he was convicted in that count is "Poss. Loaded firearm in vehicle," with no mention of the firearm being unregistered.

Errors in the abstract of judgment may be corrected at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Accordingly, we agree with the parties that the abstract of judgment must be corrected to accurately reflect that defendant pled no contest to count 5, with its correct description of "possession of an unregistered firearm," and the correct gang enhancement of section 186.22, subdivision (b)(1)(A). We remand for further proceedings for the trial court to correct the abstract of judgment. (See *People v. Mitchell*, *supra*, 26 Cal.4th at p. 185 [court has inherent power to correct clerical errors in record at any time].)

## DISPOSITION

The trial court's order denying defendant's *Franklin* motion is reversed and the matter remanded for further proceedings pursuant to section 1203.01, including appointment of counsel. The court is ordered to amend the abstract of judgment to accurately reflect that defendant was convicted and sentenced in count 5, with a section 186.22, subdivision (b)(1)(A) enhancement, rather than count 2 and a section 186.22, subdivision (b)(1)(C) enhancement. In all other respects, the judgment is affirmed.